UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SS&C TECHNOLOGIES, INC.,

    Plaintiff,

v.                                             Case No. 3:20-cv-176-J-32MCR

ROBERT CONCHIGLIA and
SUMMIT WEALTH SYSTEMS,
INC.,

    Defendants.

## PRELIMINARY INJUNCTION[1]

This is an action by SS&C Technologies, Inc. ("SS&C") for damages and injunctive relief in connection with Defendant Robert Conchiglia ("Conchiglia") and Defendant Summit Wealth Systems, Inc.'s ("Summit") alleged misappropriation of SS&C's trade secrets in violation of the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836 et seq., and the Florida Uniform Trade Secrets Act ("FUTSA"), Fla. Stat. § 688 et seq.  SS&C also alleges that Conchiglia breached his Employee Non-Disclosure and Non-Solicitation Agreement ("Agreement") with SS&C (Doc. 1-1), and that Summit tortiously interfered with SS&C's contractual relations with Conchiglia.

---

[1] This Preliminary Injunction replaces the Temporary Restraining Order entered on March 16, 2020. (Doc. 35).

SS&C has applied for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. (See Docs. 4, S-57, 61, 62).[2] Having considered SS&C's motion and papers filed in support (Docs. 4, S-57, 61, 62, 63, S-69), the Defendants' written submissions in opposition (Docs. S-58, S-59, 64, 67, 68, S-70, S-71) and the arguments of counsel at the June 26, 2020 preliminary injunction hearing, the record of which is incorporated by reference, the Court hereby finds as follows:

This Court has jurisdiction over the subject matter of this case, and venue in this District is proper;

With respect to SS&C's claims that Defendant Conchiglia violated the DTSA and has breached the Agreement with SS&C, SS&C has satisfied the standard for granting a preliminary injunction, by establishing the following:

> 1. SS&C has demonstrated a substantial likelihood of success on the merits of its claims that Defendant Conchiglia violated the DTSA (Count I) and breached the Agreement (Count V);[3]

---

[2] The operative complaint is now the First Amended Complaint, which renames the Plaintiffs and raises additional claims not subject to the motion for preliminary injunction. (Doc. 66).

[3] The determination that SS&C has demonstrated a substantial likelihood of success as to Counts I and V of the First Amended Complaint does not predict whether SS&C will ultimately prevail on the merits of these claims.

> 2. SS&C will suffer irreparable injury if injunctive relief is not granted;
>
> 3. The threatened injury to SS&C in not issuing injunctive relief outweighs whatever harm the injunctive relief would cause Defendant Conchiglia; and
>
> 4. Issuing the injunctive relief would not be adverse to the public interest, and on the current record, no private interest of Defendant Conchiglia has been shown to outweigh the public interest.[4]

In ordering relief, the Court declines to enjoin Defendant Conchiglia from interacting with custodians. In relevant part, the Agreement states:

> Employee agrees that, during the time of Employee's employment and for a period of one year after the termination of employment (whether voluntarily or involuntarily) with the Company, he/she will not, either alone or in association with others, contact, solicit, or discuss an engagement with, whether directly or indirectly, any of the Company's **clients or customers**, including prospective clients or customers.

(Doc. 1-1 at 3) (emphasis added). Custodians are not explicitly referenced in the Agreement. Given the conflicting evidence and arguments about the role of custodians and whether they are "clients or customers" of SS&C, and because this is a restrictive covenant drafted by SS&C, the Court will not construe the Agreement to prohibit Defendant Conchiglia from interacting with custodians

---

[4] See, e.g., Lebron v. Sec'y, Fla. Dep't of Children & Families, 710 F.3d 1202, 1206 (11th Cir. 2013).

so long as he can do so consistent with Paragraphs A and B below. Sturman v. Socha, 191 Conn. 1, 9, 463 A.2d 527, 532 (1983) (citing cases) ("[T]he language of a contract is typically construed most strongly against the party whose language it is and for whose benefit it was inserted.");[5] see also Hoffnagle v. Henderson, No. CV020813972S, 2002 WL 652374, at *5 (Conn. Super. Ct. Mar. 21, 2002) (citing Sturman to conclude that "[e]ven if the language of the covenant not to compete should be deemed ambiguous, a reasonable difference of interpretation would be resolved against the drafter of the agreement.").

The Court also declines to enjoin Summit. Summit was not a signatory to the Agreement, and neither were its principals, Reed Colley and Anthony Sperling. SS&C has not shown the need for prospective injunctive relief vis-à-vis Summit under a "taint" theory.[6] While SS&C may proceed in its case against Summit for damages, the Court cannot find that the four requisite factors for a preliminary injunction are met as to Summit.

Further, the Court will not enjoin Defendant Conchiglia from affiliating with Summit. However, this lawsuit remains ongoing, and all of the Defendants' actions will be heavily scrutinized moving forward. The Court

---

[5] The parties agree that Connecticut law applies to the Agreement. (See Docs. 61, 64, 67).

[6] Likewise, the Court does not enjoin Colley or Sperling individually.

4

expects strict adherence to the terms of the Agreement and the Preliminary Injunction.

Accordingly, it is hereby **ORDERED**:

SS&C's motions for preliminary injunction (Docs. 4, S-57, 61) are **GRANTED** to the following extent and otherwise **DENIED**:

A. Defendant Conchiglia is hereby preliminarily enjoined from, either alone or in association with others, misappropriating, using or disseminating confidential and trade secret information taken from SS&C in violation of the DTSA.

B. Defendant Conchiglia is hereby preliminarily enjoined from, either alone or in association with others, contacting, soliciting, or discussing an engagement with SS&C Advent clients or customers, including prospective clients or customers, until the expiration of his non-solicitation obligations on **February 28, 2021**.

**DONE AND ORDERED** in Jacksonville, Florida the 1st day of July, 2020.

*[signature: Timothy J. Corrigan]*

TIMOTHY J. CORRIGAN
United States District Judge

tnm
Copies:
Counsel of record